IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**KEFENSTE K. CADE,**

       **Plaintiff,**

                                                Case No. 2:15-cv-2684
   v.                                          Judge Frost
                                                Magistrate Judge King

**ASHTON B. CARTER,,**

       **Defendant.**

## ORDER AND
## REPORT AND RECOMMENDATION

    Plaintiff, who is proceeding without the assistance of counsel, seeks to bring this action without payment of fees or costs. This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, for the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), and on plaintiff's motion for the appointment of counsel, ECF No. 2.

    Plaintiff asks for leave to proceed without payment of fees or costs. *Motion for Leave to Proceed in Forma Pauperis*, ECF No. 1. Plaintiff's application indicates that plaintiff is employed, but plaintiff does not specify the amount of income received. The Court cannot, under these circumstances, conclude that plaintiff is unable to pay the costs of filing this action.

    Moreover, the *Complaint*, ECF No. 1-1, does not state any facts which, if proven, would "state a claim to relief that is plausible on

1

its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).[1] A complaint is properly dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46(1957)). The *Complaint* is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has asked for the appointment of counsel. *Motion to Appoint Counsel*, ECF No. 2. Because the Court is unable to evaluate the merits of plaintiff's claim, the motion for appointment of counsel is **DENIED.** *See Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir. 1985)(*en banc*)("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit.").

It is **RECOMMENDED** that plaintiff's *Motion for Leave to Proceed in Forma Pauperis*, ECF No. 1, be denied and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

---

[1] The *Complaint* merely states, "We would like to talk to a lawyer first, before I give any statements." *Complaint*, ECF No. 1-1, p. 3.

2

must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

August 4, 2015                                     s/  *Norah McCann King*
                                                   Norah McCann King
                                                   United States Magistrate Judge